CV-2020-2388
Mai



IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

NOV 2 0 2020

RICK WARREN
COURT CLERK

COURT APPOINTED RECEIVER TOM )
MCNEILL/ EQUITY FUNDING, LLC, an )
Oklahoma limited liability company, D/B/A )
WILSON NURSING CENTER, )
)
Plaintiff, )
) CV-2020-2388
v. )
)
STATE OF OKLAHOMA *ex rel.* THE )
OKLAHOMA HEALTH CARE )
AUTHORITY, )
)
Defendant. )

### PLAINTIFF'S PETITION FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

**COMES NOW** the Plaintiff, COURT APPOINTED RECEIVER TOM MCNEILL/ EQUITY FUNDING, LLC, an Oklahoma limited liability company d/b/a Wilson Nursing Center ("Plaintiff"), by and through its counsel, C. Craig Cole, John E. Gatliff II and Carrie L. Burnsed of the law firm, C. Craig Cole & Associates, and pursuant to 12 O.S. §§ 1031, 1381 through 1391, 1651 through 1653 (OSCN 2009), and 75 O.S. § 306 (OSCN 2009), petitions this Court to enter judgment declaring:

    a.    That Administrative Law Judge Joseph H. Young's *Order,* entered November 19, 2020, pursuant to OAC 317:1-1-11, attached hereto as Exhibit "A" (the November 2020 Order) is a valid, final order which is not now subject to collateral attack under the Oklahoma Administrative Procedures Act or 12 O.S. § 1031 (OSCN 2009);

    b.    That Section §1902(a)(39) of the Social Security Act (42 U.S.C. § 1396a(a)(39)) cannot be applied by the Defendant Oklahoma Health Care Authority ("OHCA")

Exhibit 2-Pet for Decl. Judgment

retroactively;

c.  That the provisions of the Section §1902(a)(39) of the Social Security Act (42 U.S.C. § 1396a(a)(39)) as applied by the OHCA impermissibly intrude on the due process rights of the Plaintiff, and therefore exceeds the statutory authority of the OHCA;

2.  The Plaintiff further requests that the Court temporarily and permanently enjoin the OHCA from the following:

   a.  Termination of Plaintiff's Medicaid Contract during the pendency of this Declaratory Judgment Action; and

   b.  Withholding any payment due to Plaintiff on Plaintiff's submitted claims to the OHCA during the pendency of this Declaratory Judgment Action.

In support of same, the Plaintiff states as follows:

## PARTIES, JURISDICTION, AND VENUE

3.  12 O.S. § 1381 through 1391 (OSCN 2009) empowers the Court to issue temporary and permanent injunctions against the commission of and/or continuance of acts in violation of the Plaintiff's rights and/or injurious to the Plaintiff.

4.  12 O.S. §§ 1651 and 1652 (OSCN 2009) sets forth the procedure for declaratory determination of rights, status, legal relations, including but not limited to construction or validity of decrees, agreements, statutes and regulations, in cases of actual controversy either before or after there has been a breach of any legal duty or obligation.

5.  The Oklahoma Administrative Procedure Act at 75 O.S. § 306 (OSCN 2009) sets forth that the procedure by which a party may challenge the validity or application of a rule of an administrative agency is by declaratory judgment.

6.  75 O.S. § 306(B)(OSCN 2009) requires that the agency shall be made a party to the

action.

7. 12 O.S. § 1653 (OSCN 2009) requires that all persons shall be made parties who have or claim any interest which would be affected by the declaration.

8. 75 O.S. § 306(C) (OSCN 2009) places the burden upon the Defendant administrative agency, when a rule is appealed pursuant to the Administrative Procedures Act such as the instant matter, to show and bear the burden of proof that: (a) that the administrative agency possessed the authority to promulgate the rule; (b) that the rule is consistent with any statute authorizing or controlling its issuance and does not exceed statutory authority; (c) that the rule is not violative of any other applicable statute or the Constitution; and (d) that the laws and administrative rules relating to the adoption, review and promulgation of such rules were faithfully followed.

9. Plaintiff COURT APPOINTED RECEIVER TOM MCNEILL/EQUITY FUNDING, LLC, is an Oklahoma limited liability company, which does business at times relevant to this action as Wilson Nursing Center.

10. The Plaintiff's principal place of business is located in Wilson, Carter County, Oklahoma.

11. Defendant THE OKLAHOMA HEALTH CARE AUTHORITY ("OHCA") is an agency of state government, created by 63 O.S. §5006 (OSCN 2009).

12. Jurisdiction and venue are proper before the District Court in and for Oklahoma County, Oklahoma.

## PROCEDURAL HISTORY AND FACTS COMMON TO ALL CAUSES OF ACTION

### Notice of Overpayment and Request for Reimbursement

13. On or about August 20, 2020, Plaintiff received a letter dated August 7, 2020 from Candace Arnold, Deputy General Counsel for the OHCA demanding the repayment of $1,562,435.74

3

from Plaintiff. *See* attached Exhibit B.

14.  The August 7, 2020 letter states that "... it has come to the attention of the Oklahoma Health Care Authority (OHCA) that your enrollment with Medicare was previously revoked for cause between May 26, 2015 and June 23, 2016. This revocation was not disclosed to the OHCA." *See* attached Exhibit B.

15.  The August 7, 2020 letter states "[a]s such, the OHCA must request repayment of all paid claims with dates of service between May 26, 2015 and June 23, 2016 which amount to $1,562,435.74." *See* attached Exhibit B.

16.  On August 26, 2020, Plaintiff's counsel entered their appearance before the OHCA, requested what statutory or regulatory authority allowed the OHCA to demand payback after five (5) years has passed and to begin discussions on a payment plan. *See* attached Exhibit C.

17.  On September 4, 2020, Plaintiff's counsel received an email response from OHCA Counsel Candace Arnold stating:

> "42 CFR 455.416 is the regulation that defines when a state must deny or terminate provider enrollment. The Social Security Act - SSA §1902(a)(39) states that "the State agency shall exclude any specified individual or entity from participation in the program under the State plan for the period specified by the Secretary, when required by him to do so pursuant to section 1128 or section 1128A, terminate the participation of any individual or entity in such program if (subject to such exceptions as are permitted with respect to exclusion under sections 1128(c)(3)(B) and 1128(d)(3)(B)) participation of such individual or entity is terminated under title XVIII or any other State plan under this title (or waiver of the plan), or any State child health plan under title XXI (or waiver of the plan) and such termination is included by the Secretary in any database or similar system developed pursuant to section 6401(b)(2) of the Patient Protection and Affordable Care Act,[39] and provide that no payment may be made under the plan with respect to any item or service furnished by such individual or entity during such period". *See* attached Exhibit D.

4

## Petition for Declaratory Judgment before the OHCA

18. On October 7, 2020, Plaintiff filed their *Petition for Declaratory Judgment and Injunctive Relief* before the OHCA.

19. On October 13, 2020, upon the recommendation of OHCA's counsel, Plaintiff appealed the revocation of Plaintiff's Medicare provider agreement before the Centers for Medicare & Medicaid Services ("CMS").

20. The Parties agreed to a stay in the proceedings before the OHCA to allow Plaintiff to appeal the revocation of Plaintiff's Medicare provider agreement.

21. On November 13, 2020, Plaintiff received the decision from CMS advising that Plaintiff's appeal is untimely and therefore, denied.

22. On November 19, 2020, the Administrative Law Judge Joseph H. Young entered the November 2020 Order.

23. The November 2020 Order stated, *inter alia*, that:

> Rather than request a declaratory ruling with respect to an Oklahoma statute or regulatory provision, Wilson Nursing Center requested declaratory judgment with respect to the retroactive application of 42 U.S.C. § 1396a(a)(39), a *federal* statute.

24. The November 2020 Order further provided that:

> This is, respectfully, an issue better suited to a declaratory action in a different forum, and not in an administrative action before the agency.[1]

## Prejudice and Irreparable Injury to the Plaintiff by OHCA Taking Action Prior to Declaratory Judgment

---

[1] Footnote 1 To the extent that the Petition was filed to exhaust administrative remedies, this Order is a final agency action with respect to the Petition. It is, in any event, my understanding that the agency has separately assured Wilson Nursing Center that it does not intent to argue failure to exhaust administrative remedies as a jurisdictional bar to relief in any subsequent court proceeding.

5

25. All issues contained in this Declaratory Judgment Action are material to Plaintiff's disputes of the OHCA's right to terminate Plaintiff's Medicaid Provider Agreement or stopping payment to Plaintiff under the OHCA's misapplication of Section §1902(a)(39) of the Social Security Act (42 U.S.C. § 1396a(a)(39)).

26. By allowing the OHCA to proceed with either termination of Plaintiff's Medicaid Provider Agreement or ceasing payment to Plaintiff without first considering the Plaintiff's statutory claim potentially exposes the Plaintiff to the loss of a majority of their operating income, loss of residence for all residents currently residing at Wilson Nursing Center, the closure of their nursing facility, enormous trial legal fees and expenses, as well as the potential for claim preclusion and issue preclusion in subsequent litigation.

## FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT

(Section §1902(a)(39) of the Social Security Act (42 U.S.C. § 1396a(a)(39))

The Plaintiff adopts Paragraphs One (1) through Twenty Six (26) as if fully set forth herein and for its first cause of action state:

27. Section §1902(a)(39) of the Social Security Act (42 U.S.C. § 1396a(a)(39)) establishes the conditions under which the State agency shall provide that no payment may be made under Medicaid program with respect to any item or service furnished by an entity during the period of exclusion from the Medicaid program.

28. Section §1902(a)(39) of the Social Security Act (42 U.S.C. § 1396a(a)(39)) does not include any retroactive term for the OHCA to demand repayment by a provider over five (5) years from the period of exclusion from the Medicaid program.

29. The legal basis for the OHCA's demanded repayment of $1,562,435.74 is predicated

upon the erroneous assertion that Section §1902(a)(39) of the Social Security Act (42 U.S.C. § 1396a(a)(39)) can be applied retroactively, and is in direct conflict with the plain meaning with Section §1902(a)(39) of the Social Security Act (42 U.S.C. § 1396a(a)(39)).

30. The threatened application of Section §1902(a)(39) of the Social Security Act (42 U.S.C. § 1396a(a)(39)) is erroneous, arbitrary, and capricious.

WHEREFORE, premises considered, the Plaintiff requests this Court enter declaratory judgment in favor of Plaintiff and against Defendant declaring that Section §1902(a)(39) of the Social Security Act (42 U.S.C. § 1396a(a)(39)) cannot be applied retroactively and that this Court permanently enjoin the Defendant from any further enforcement actions against Plaintiff that are inconsistent with Section §1902(a)(39) of the Social Security Act (42 U.S.C. § 1396a(a)(39)).

## SECOND CAUSE OF ACTION: INJUNCTION

The Plaintiff adopts Paragraphs One (1) through Thirty (30) as if fully set forth herein and for its second cause of action state:

31. The Plaintiff requests that the OHCA temporarily restrain, and temporarily and permanently enjoin the OHCA from the following:

   a. Termination of Plaintiff's Medicaid Contract during the pendency of this Declaratory Judgment Action; and

   b. Withholding any payment due to Plaintiff on Plaintiff's submitted claims to the OHCA during the pendency of this Declaratory Judgment Action.

32. A temporary restraining order and temporary injunction should be granted in the Court's sound discretion based on the following four factors:

   a. Whether the Plaintiff is likely to prevail upon the merits of the action;

   b. Whether the Plaintiff will suffer irreparable harm in the absence of the

          injunctive relief;

    c.    Whether the irreparable harm which would be suffered by the Plaintiff if injunctive relief is withheld outweighs the harm which would be suffered by the Defendant if the injunctive relief is granted; and

    d.    The public interest.

*See generally* 43 C.J.S. § 17.

33.    The Plaintiff has as substantial likelihood of prevailing on some or all of the claims presented herein.

34.    The Plaintiff will suffer irreparable harm in the absence of injunctive relief for the reasons stated *supra*.

35.    The Plaintiff and its Court Appointed Receiver will suffer irreparable harm to comply with the Court Appointed Receiver's Appointing Order in the absence of injunctive relief.

36.    Injunctive relief is in the public interest to conserve administrative and judicial resources, limit the scope of current and future litigation between the Parties to legitimate and justiciable issues arising under valid statutory law, curb official abuses of power, clarify disputed points of law which may be applicable to other litigants, encourage proper conduct of individual proceedings, elimination of the risk of administrative decisions which are not based in valid law or that would be material conflict with the Court's decisions in this action, and ensure due process to all parties.

37.    There is no risk of harm to the OHCA if injunctive relief is granted.

WHEREFORE, premises considered, Plaintiff requests this Court grant a temporary restraining order against the OHCA as detailed *supra*, and after notice and a hearing, enter in favor of the Plaintiff and against the OHCA a temporary and permanent injunction, as requested above,

and for such other and further relief available to the Plaintiff in equity and at law.

          Respectfully submitted,

          */s/ Carrie L. Burnsed*

C. Craig Cole, OBA No. 1775
John E. Gatliff II, OBA No. 18060
Carrie L. Burnsed, OBA No. 19421
**C. CRAIG COLE & ASSOCIATES**
317 Northwest Twelfth Street
Oklahoma City, Oklahoma 73113
Telephone:  (405) 232-8700
Facsimile:  (405) 232-1655
Email:  carrieb@ccc-a.com
**ATTORNEYS FOR PLAINTIFF**

FILED
11/19/20
OHCA Hearings and Appeals

## BEFORE THE OKLAHOMA HEALTH CARE AUTHORITY
## STATE OF OKLAHOMA

| | |
|---|---|
| COURT APPOINTED RECEIVER, TOM MCNEILL/EQUITY FUNDING, LLC, AN OKLAHOMA LIMITED LIABILITY COMPANY, D/B/A WILSON NURSING CENTER,<br><br>Plaintiff,<br><br>v.<br><br>OKLAHOMA HEALTH CARE AUTHORITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 20-322<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

The matter is before me on the Petition of the Court Appointed Receiver, Tom McNeill/ Equity Fund, LLC, d/b/a Wilson Nursing Center (hereinafter referred to as "Wilson Nursing Center"), which was filed on October 7, 2020. The Petition, which was brought pursuant to OAC 317:1-1-11, requests declaratory and other relief regarding the application of Section 1902(a)(39) of the Social Security Act (42 U.S.C. § 1396a(a)(39)). The Petition was filed as part of Wilson Nursing Center's challenge of a demand made by the Oklahoma Health Care Authority ("OHCA") for repayment of $1,562,435.74, based on the provider's apparent for-cause revocation of its Medicare enrollment between May 26, 2015 and June 23, 2016. The parties initially agreed to a stay of proceedings in order to permit Wilson Nursing Center to appeal the exclusion to the Centers for Medicare & Medicaid Services ("CMS"). Counsel for Wilson Nursing Center has since advised that, by letter dated November 13, 2020, CMS rejected its appeal as untimely, and requests that a hearing date be set in this matter. For the reasons set

forth below, I find that a hearing is unnecessary and that the pending Petition for Declaratory Judgment should be denied.

OHCA regulations expressly permit any person to petition the Authority for a declaratory ruling "as to the applicability of any of this Chapter or any order of the Authority." OAC 317:1-1-11(a). The regulation goes on to provide that "[t]he Authority will consider each petition submitted and, within a reasonable time after the submission thereof, either deny the petition in writing, stating its reasons for such denial, or issue a declaratory order on the matters contained in the petition."

In this instance, and in the exercise of my discretion, I believe the Petition should be denied. Rather than request a declaratory ruling with respect to an Oklahoma statute or regulatory provision, Wilson Nursing Center requests declaratory judgment with respect to the retroactive application of 42 U.S.C. § 1396a(a)(39), a *federal* statute. Stated differently, the Petition does not seek to "explain, or clarify [] a rule or an order of the Authority in relation to a particular matter," *see* OAC 317:1-1-11(a), but instead asks the agency to clarify application of a *federal statute*. This is, respectfully, an issue better suited to a declaratory action in a different forum, and not in an administrative action before the agency.[1]

Dated this 19th day of November, 2020.

_JOSEPH H. YOUNG_
JOSEPH H. YOUNG
ADMINISTRATIVE LAW JUDGE

---

[1] To the extent that the Petition was filed to exhaust administrative remedies, this Order is a final agency action with respect to the Petition. It is, in any event, my understanding that the agency has separately assured Wilson Nursing Center that it does not intend to argue failure to exhaust administrative remedies as a jurisdictional bar to relief in any subsequent court proceeding.

2

## **CERTIFICATE OF SERVICE**

This is to certify on the 19th day of November 2020, a true and correct copy of the *Order* was send electronic mail to:

Susan Eads, Esq.
Oklahoma Health Care Authority
P.O. Box 18497
Oklahoma City, OK 73154
susan.eads@okhca.org

Carrie L. Burnsed, Esq.
C. Craig Cole and Associates
317 NW 12th Street
Oklahoma City, OK 73103
carrieb@ccc-a.com

and by facsimile to:

Carrie L. Burnsed, Esq.
C. Craig Cole and Associates
317 NW 12th Street
Oklahoma City, OK 73103
405-232-1655

Electronically filed on November 19, 2020 by Tammy Hanchey

KEVIN S. CORBETT
CHIEF EXECUTIVE OFFICER



J. KEVIN STITT
GOVERNOR

**STATE OF OKLAHOMA**
**OKLAHOMA HEALTH CARE AUTHORITY**

August 7, 2020

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Wilson Nursing Center
Attn: Eric Dykman
867 US Highway 70A
Wilson, OK 73463

        Re: Notice of Overpayment and Request for
           Reimbursement: Provider ID #200034020B

Dear Mr. Dykman,

  Upon information from the Centers for Medicare and Medicaid Services (CMS), it has come to the attention of the Oklahoma Health Care Authority (OHCA) that your enrollment with Medicare was previously revoked for cause between May 26, 2015 and June 23, 2016. This revocation was not disclosed to the OHCA.

  As such, the OHCA must request repayment of all paid claims with dates of service between May 26, 2015 and June 23, 2016 which amount to **$1,562,435.74**. Please remit this amount via cashier's check to OHCA at the following address:

Oklahoma Health Care Authority
Legal Office
P.O. Drawer 18497
Oklahoma City, OK 73154-0497
Attn: Candace Arnold

  Failure to remit the total overpayment amount may result in OHCA taking additional action, including, but not limited to, contract termination. If you would like to discuss the option of a payment plan, please contact me at (405) 522-7658.

                 Sincerely,

                 Candace Arnold
                 Deputy General Counsel

cc: Provider Enrollment

4345 N. Lincoln Blvd., Oklahoma City, OK 73105 • (405) 522-7300 • WWW.OKHCA.ORG
An Equal Opportunity Employer

EXHIBIT B
Page 1 of 1



## C. CRAIG COLE & ASSOCIATES
Attorneys and Counselors at Law
317 NORTHWEST TWELFTH STREET
Oklahoma City, Oklahoma 73103-3704
NOT A PARTNERSHIP

TELEPHONE (405) 232-8700
FACSIMILE (405) 232-1655
E-MAIL carrieb@ccc-a.com
http//www.ccc-a.com

OKLAHOMA CITY

C. CRAIG COLE
CARRIE L. BURNSED
JOHN E. GATLIFF II

7160-300
FILE NUMBER

<u>*U.S. First Class Mail*</u>

August 26, 2020

Oklahoma Health Care Authority
Legal Office
ATTN: Candace Arnold
Post Office Box 18497
Oklahoma City, OK 73154-0497

Re:   Notice of Overpayment and Request for Reimbursement
      Provider ID #200034020B

Dear Ms. Arnold:

We are writing to you on behalf of our client, Wilson Nursing Center. All future contact regarding this matter should be addressed to us at the above address and telephone number. Please be advised that this office is in receipt of your August 7, 2020 request for repayment for all claims with dates of service between May 26, 2015 and June 23, 2016 received by this office on August 25, 2020.

The purpose of this letter is to request additional information on the requested repayment. What statutory authority allows the Oklahoma Health Care Authority to go back over five (5) years and request repayment?

Additionally, Wilson Nursing Center requests a payment plan.

Please provide this additional information to this office via email: carrieb@ccc-a.com. If you have any questions or need any additional information, please contact this office.

Sincerely,

*Carrie L. Burnsed*

CARRIE L. BURNSED
For the Firm

CLB/gam

EXHIBIT C
Page 1 of 1

## Carrie Burnsed

| | |
|---|---|
| From: | Candace Arnold <Candace.Arnold@okhca.org> |
| Sent: | Friday, September 04, 2020 10:01 AM |
| To: | 'Carrie Burnsed' |
| Cc: | Gayla Moran |
| Subject: | RE: [EXTERNAL] RE: Wilson Nursing Center |

Good morning,

42 CFR 455.416 is the regulation that defines when a state must deny or terminate provider enrollment. The Social Security Act - SSA §1902(a)(39) states that "the State agency shall exclude any specified individual or entity from participation in the program under the State plan for the period specified by the Secretary, when required by him to do so pursuant to section 1128 or section 1128A, terminate the participation of any individual or entity in such program if (subject to such exceptions as are permitted with respect to exclusion under sections 1128(c)(3)(B) and 1128(d)(3)(B)) participation of such individual or entity is terminated under title XVIII or any other State plan under this title (or waiver of the plan), or any State child health plan under title XXI (or waiver of the plan) and such termination is included by the Secretary in any database or similar system developed pursuant to section 6401(b)(2) of the Patient Protection and Affordable Care Act,[39] and provide that no payment may be made under the plan with respect to any item or service furnished by such individual or entity during such period".

Let me know if you need anything further.

**Candace Arnold**
**Deputy General Counsel**
Oklahoma Health Care Authority

From: Carrie Burnsed [mailto:carrieb@ccc-a.com]
Sent: Friday, September 4, 2020 7:38 AM
To: Candace Arnold <Candace.Arnold@okhca.org>
Cc: Gayla Moran <gaylam@ccc-a.com>
Subject: [EXTERNAL] RE: Wilson Nursing Center

Candace,

During our telephone call late yesterday, I forgot to ask the following question again that was in my attacheAugust 26, 2020 letter. What statutory authority allows the Oklahoma Health Care Authority to go back over five (5) years and request repayment? Please advise.

Carrie L. Burnsed, Esq.
C. Craig Cole & Associates
317 NW 12th Street
Oklahoma City, OK 73103-3704
405/232-8700 telephone
405/232-1655 facsimile
carrieb@ccc-a.com
**************************************************************************

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510-2521, and is legally privileged. This message and any attachments hereto may contain confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution, or copying of this

email message is strictly prohibited. If you have received this message in error, please immediately notify C. Craig Cole & Associates, at (405) 232-8700, and delete this email and any attachments hereto, from your computer.